☒ FILED ___ LODGED
___ RECEIVED ___ COPY

MAY - 3 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

AO 104 (Rev. 07/16) Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Tracking of
White 2014 GMC Sierra, bearing Arizona license plate number LVA07F and vehicle identification number 3GTU2VEC6EG430615, registered to Raul M. Aispuro at 1763 S. 36th Avenue, Yuma, AZ 85364.

Case No. 22-1701MB

(Filed Under Seal)

SEALED

## TRACKING WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☒ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: _____.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that ☐ using the object ☒ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☒ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

> White 2014 GMC Sierra, bearing Arizona license plate number LVA07F and vehicle identification number 3GTU2VEC6EG430615, registered to Raul M. Aispuro at 1763 S. 36th Avenue, Yuma, AZ 85364, and any publicly accessible property.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by __5-13-2022__ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until __6-17-2022__ *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter
☒ into the vehicle described above       ☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time of day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to any United States Magistrate Judge on criminal duty in the District of Arizona and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☒ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C. § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked

☒ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __5/3/2022 at 2:32 pm__                     _____
                                                                                            *Judge's signature*

City and state: __Yuma, Arizona__           Honorable James F. Metcalf, U.S. Magistrate Judge
                                                                *Printed name and title*

AO 102 Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

FILED
___ LODGED
___ RECEIVED ___ COPY

MAY - 3 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY NM              DEPUTY

In the Matter of the Tracking of
White 2014 GMC Sierra, bearing Arizona license plate number LVA07F and vehicle identification number 3GTU2VEC6EG430615, registered to Raul M. Aispuro at 1763 S. 36th Avenue, Yuma, AZ 85364.

Case No. 22-1701MB

(Filed Under Seal)

**SEALED**

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 8 U.S.C. § 1324(a). Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth in the attached Affidavit of Special Agent Clayton Wall.

☒ The person, property, or object is located in this district.
☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ The activity in this district relates to domestic or international terrorism.
☐ Other: _____

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c):

☒ evidence of a crime;
☒ property designed for use, intended for use, or used in committing a crime;
☐ contraband, fruits of a crime, or other items illegally possessed;
☐ a person to be arrested or a person who is unlawfully restrained.

☒ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

> White 2014 GMC Sierra, bearing Arizona license plate number LVA07F and vehicle identification number 3GTU2VEC6EG430615, registered to Raul M. Aispuro at 1763 S. 36th Avenue, Yuma, AZ 85364, and any publicly accessible property

☒ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103(a), the basis of which is set forth in the attached Affidavit.

Reviewed by AUSA ESTHER J. WINNE

CLAYTON J WALL
Digitally signed by CLAYTON J WALL
Date: 2022.05.02 16:00:20 -07'00'
_____
*Applicant's Signature*

Clayton Wall, Homeland Security Investigations Special Agent
*Printed name and title*

Sworn to telephonically.

Date: 5/3/2022

_____
*Judge's signature*

City and state: Yuma, Arizona

Honorable James F. Metcalf, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF TRACKING DEVICE WARRANT

Your Affiant, Clayton Wall, being first duly sworn, hereby deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3117 for a warrant to authorize the installation and monitoring of a tracking device in or on the following vehicle:

   a. White 2014 GMC Sierra, bearing Arizona license plate number LVA07F and vehicle identification number 3GTU2VEC6EG430615, registered to Raul M. Aispuro at 1763 S. 36th Avenue, Yuma, AZ 85364 (the "**Subject Vehicle**").

2. Based on the facts set forth in this Affidavit, your Affiant believes that the **Subject Vehicle** is presently being used to further violations of Title 8, United States Code, Section 1324(a)(1)(A)(i)-(iii), Bringing in, Transporting, and Harboring Certain Aliens, and that there is probable cause to believe that the installation of a tracking device in or on the **Subject Vehicle** and the use of the tracking device will lead to evidence, fruits, and/or instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

3. Your Affiant is a Special Agent with Homeland Security Investigations and has been since 2018. Your Affiant is an investigator/law enforcement officer of the United States within the meaning of Title 18, United States Code Section 2510(7) – an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 19, United States Code (customs law), Title 8, United States Code (immigration law), Title 21, United States Code (narcotics law) and Title 18, United States Code (federal criminal law generally).

4. Prior to my employment with HSI, from 2006-2018, I was employed with the United States Border Patrol in Wellton, Arizona. I attended and completed the U.S.

Border Patrol Academy in Artesia, New Mexico from April 2006 - August 2006. While employed with the U.S. Border Patrol, I was assigned to a variety of different units. I conducted road patrol, was a member of the Air Mobile Unit, and was a member of the Disrupt unit on several occasions. As a member of the Air Mobile Unit and Disrupt, I worked closely with local, state, and federal partners, in investigating, targeting, and apprehending undocumented non-citizens.

5. By virtue of my employment as a Special Agent, your Affiant has performed various tasks, which include, but are not limited to:

   a. Functioning as a surveillance agent, thus observing and recording movements of persons smuggling in humans and those suspected of smuggling in humans.

   b. Interviewing witnesses, confidential sources (CS), and sources of information (SOI) relative to the illegal smuggling of humans and the distribution of monies and assets derived from the illegal smuggling of humans (laundering of monetary instruments); and

   c. Functioning as a case agent, entailing the supervision of specific investigations involving the trafficking of humans.

6. In the course of conducting human smuggling investigations, your Affiant has personally interviewed informants and persons involved in the smuggling of humans. Your Affiant has consulted with other experienced investigators concerning the practices of human smugglers and the best methods of investigating them. In preparing this affidavit, your Affiant has conferred with other Special Agents and other law enforcement officers who share the opinions and conclusions stated herein. Furthermore, your Affiant has personal knowledge of the following facts or has learned them from the individual(s) mentioned herein. Since June 2018, your Affiant has been the lead investigator in several separate human smuggling investigations. In the same timeframe, your Affiant has participated in numerous other human smuggling and narcotics investigations. Since joining the law enforcement profession in April 2006, your Affiant

has participated in numerous search warrants and has had experience with countless seizures of evidence.

7.   The statements contained in this Affidavit are based on information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; analysis of telephone records; and intercepted communications.

8.   Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## PROBABLE CAUSE

9.   On or about March 2, 2022, HSI Special Agents (SAs) received information from a concerned party about a house being used for human smuggling. The concerned party stated the house was located at 715 N. Musgrove Avenue, Somerton, 85350 and had up to 60 undocumented non-citizens (UNCs) staying in there at any given time. Further information developed suggests that this specific Human Smuggling Organization (HSO) will cross with UNCs near County 15 and County 17 street and the river trail, load into white 4-door pickup trucks and transport the UNCs to stash houses, specifically 715 N. Musgrove Avenue. It is believed the HSO uses white 4-door pickup trucks in an attempt to blend in with farmers and field workers in the area.

10.   In April 2022, USBP Field Operations Supervisor (FOS) Lance Carter received a call from a farmer who works in the fields near County 15th Street and the river trail. The farmer reported that for four straight days between March 29th and April 1st, 2022, he witnessed three white pickup trucks drive across the bridge at County 15th Street, drive to one of the fields on the north side of the road, load suspected UNCs into the beds of the trucks, and then drive back east. The farmer reported that these events took place between 6:45 and 7:00 every morning. The farmer described the vehicles as two white 2WD extended cab F-150's, around the 2008 model, and one GMC of the same

3

style and year. He also said he followed the vehicles one day and they dropped off at a stash house located at 32 36'08.5", 114 42'32.0". This location is just off Somerton Ave, less than a mile north of Highway 95. HSI SAs plotted the GPS coordinates, and they came back to a house with address 715 N. Musgrove Avenue, Somerton, AZ 85350.

11. On April 6, 2022, at approximately 7:30 p.m., HSI SAs performed a spot check at 715 N. Musgrove Avenue and noticed the **Subject Vehicle** parked in front of the residence. The **Subject Vehicle** matched the description of the GMC given by the farmer. HSI SAs were able to identify the license plate for the vehicle, which was registered to Raul M. Aispuro at 1763 S 37th Avenue, Yuma, AZ 85364. HSI SAs have performed surveillance activity on several other occasions at this residence and have not noticed any vehicles parked in front of the residence or in the driveway.

12. On April 11, 2022, at approximately 6:33 p.m. (MST) northbound images of the **Subject Vehicle** were captured at the United States Border Patrol Checkpoint located on Highway 86. Further surveillance of the **Subject Vehicle** revealed that the GMC was traveled back southbound on Highway 111 near El Centro, California, north of Interstate 8, at around midnight later that day.

13. The timeframe and travel pattern of the **Subject Vehicle** described in paragraph 12, based on your affiant's prior experience as a USBP Agent and current experience as an HSI Special Agent, is consistent with smuggling. UNCs smuggled through Yuma, AZ are often taken either to Phoenix, AZ or Los Angeles, CA, where they are then transported to their ultimate destination within the United States. The **Subject Vehicle**'s travel pattern and timeframes are consistent with a quick turn-a-round trip to the Los Angeles area in what appears to be a human smuggling event.

14. Based on the information above, there is probable cause to believe that the **Subject Vehicle** is being used to facilitate human smuggling activities, and that placing a GPS tracker on **Subject Vehicle** will lead to further evidence of human smuggling, including but not limited to, meet locations, potential stash houses, and the movement of UNCs and the proceeds thereof.

15. On April 20, 2022, the Court authorized a tracking warrant for the **Subject Vehicle** [22-1622MB]. Due to unforeseen circumstances, the warrant was not executed within the authorized 10 days. For that reason, this application for a vehicle tracking warrant is being resubmitted.

## AUTHORIZATION REQUEST

16. Based on the foregoing, your Affiant requests that the Court issue the proposed warrant, pursuant to Fed. R. Crim. P. 41 and 18 U.S.C. § 3117, authorizing members of your Affiant's agency or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the **Subject Vehicle**, at a time when it is within the District of Arizona, within 10 days of the issuance of the proposed warrant; to maintain, repair and/or replace the tracking device as necessary; to remove the tracking device from the **Subject Vehicle** after use of the tracking device has ended; to move the **Subject Vehicle** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of Arizona.

17. Your Affiant further requests that the warrant authorize agents to surreptitiously enter onto the **Subject Vehicle**, the private property located at 1763 S 37th Avenue, Yuma, AZ 85364 and any publicly accessible property for the limited purpose of installing, maintaining, repairing, or removing the tracking device.

18. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, your Affiant requests that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. Based on training and experience, your Affiant knows that when criminal targets become aware of individuals installing, maintaining, repairing, or removing devices from their vehicles, they often remove the devices, sell or otherwise disassociate themselves

from the vehicle, and/or flee to avoid prosecution. They may also inform other co-conspirators, thereby impeding law enforcement's ability to conduct a thorough investigation of the criminal activity. Therefore, your Affiant requests authorization to install, maintain, repair or remove the tracking device during the daytime or nighttime hours.

19.     In accordance with 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(f)(3), your Affiant further requests authorization to delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse effect, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

CLAYTON J WALL
Digitally signed by CLAYTON J WALL
Date: 2022.05.02 16:01:06 -07'00'

Special Agent Clayton Wall
Homeland Security Investigations

Signed electronically and sworn to telephonically this **3rd** day of May, 2022.

HONORABLE JAMES F. METCALF
United States Magistrate Judge

6